**UNITED STATES of America,**
**Appellee,**

v.

**Juan AVENDANO, Defendant–**
**Appellant.**

**No. 06–0340–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Neil M. Barofsky, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney of counsel, Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

Jeffrey Resetartis (Tai H. Park, of counsel, Shearman & Sterling, LLP), New York, NY, for Appellant.

PRESENT: CHESTER J. STRAUB, PETER W. HALL, Circuit Judges, and DAVID G. TRAGER, District Judge.*

* The Honorable David G. Trager, Senior District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Juan Avendano appeals from a judgment entered January 17, 2006, in the Southern District of New York (Laura Taylor Swain, *Judge)*, following a jury trial, convicting him of conspiracy to distribute and possess with intent to distribute both cocaine and heroin. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

 Avendano argues that he was incompetent to stand trial, due to mental illness, and that the District Court erred in denying his request for a competency hearing. Such a hearing is necessary only where there is reasonable cause to believe that a defendant may be incompetent. 18 U.S.C. § 4241(a), *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986). "In deciding that an evidentiary hearing is unnecessary, a court may rely not only on psychiatrists' reports indicating competency but also on its own observations of the defendant." *United States v. Nichols,* 56 F.3d 403, 414 (2d Cir.1995). "Determination of whether there is 'reasonable cause' to believe a defendant may be incompetent rests in the discretion of the district court." *Vamos,* 797 F.2d at 1150.

 The District Court based its determination not only on its own observations of Avendano's behavior, but also on five separate psychiatric evaluations conducted by four different psychiatrists. Only one of those four psychiatrists concluded that Avendano was incompetent to stand trial, and that psychiatrist's report was rebutted in detail by subsequent reports. Additionally, the District Court observed Avendano's conduct over the course of the trial, and, at the end of the trial, reiterated its finding that Avendano was competent at the time of trial—although, as his psychiatrists concluded, his condition had deteriorated since the trial. The District Court's determination is well-supported by the record, and we see no abuse of discretion in it.

 Secondly, Avendano argues that the District Court erred in denying his motion to suppress certain statements that he made during his proffer hearing, because Avendano's waiver of his rights under the exclusionary provisions of Federal Rule of Evidence 410 was not knowing and voluntary. Having reviewed the record, including the detailed explanation of the agreement given to Avendano by the AUSA, through an interpreter, we see no error in the District Court's determination that Avendano's waiver was knowing and voluntary. *See United States v. Velez,* 354 F.3d 190, 196 (2d Cir.2004) ("[B]efore the waiver can be deemed unenforceable, the trial judge must find some affirmative indication that the agreement [to waive] was entered into unknowingly or involuntarily.") (quotation marks omitted, second alteration in original).

 Finally, Avendano challenges the District Court's decision to preclude evidence of Avendano's willingness to provide a voice exemplar. Before trial, the government sought, and obtained, two subpoenas (and several court orders) compelling Avendano to provide a voice exemplar for comparison purposes with the tape recorded telephone calls in the case. In response to the first subpoena, Avendano refused to read from the transcripts of the calls, but offered—after initial resistance—to read from a newspaper. The government obtained a second subpoena, which explicitly required that Avendano read from the transcripts; Avendano simply refused to comply. At trial, a witness for the government testified that Avendano had refused to comply with the second subpoena, and the District Court subsequently instructed the jury that they could regard that evi-

dence as circumstantial evidence of consciousness of guilt. On cross-examination, defense counsel sought to elicit testimony regarding Avendano's willingness to read from a newspaper in response to the first subpoena; the District Court sustained the government's objection.

We review the District Court's evidentiary rulings, including determinations of relevance, for abuse of discretion. *United States v. Khalil,* 214 F.3d 111, 122 (2d Cir.2000). In this case, however, the basis of the District Court's decision is not clear from the record—it may have been based on a determination that the evidence Avendano sought to elicit was irrelevant, or that it was hearsay, or both. On appeal, the Government argues that the evidence was properly excluded as irrelevant, and does not press the argument that it was inadmissible hearsay. We need not determine the basis of the District Court's decision to exclude the evidence—although we cannot help but observe in passing that the evidence was of limited relevance at best, in light of the undisputed fact that Avendano ultimately refused to comply with the second subpoena—because, even if the District Court's decision was error, it was harmless error, given the other evidence against Avendano. *See* Fed.R.Crim.P. 52(a); *see also United States v. Terry,* 702 F.2d 299, 314 (2d Cir.1983) (finding that it was error to exclude as hearsay defendants' contemporaneous statements offered to show that their refusal to provide palm prints pursuant to a court order was because of their desire to speak with counsel, but finding that the error was harmless).

For the foregoing reasons, we AFFIRM.